IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:09CR122-1 |
| v. | : | |
| SALVADOR SANTANA CABRERA | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and the defendant, SALVADOR SANTANA CABRERA, in his own person and through his attorney, James M. Green, Jr., and state as follows:

1. The defendant, SALVADOR SANTANA CABRERA, is presently under Indictment in case number 1:09CR122-1, which in Count One charges him with a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride; and Count Two charges him with a violation of Title 18, United States Code, Section 924(c)(1)(A)(i), possession of a firearm in furtherance of a drug trafficking crime.

2. The defendant, SALVADOR SANTANA CABRERA, will enter a voluntary plea of guilty to Counts One and Two of the Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, SALVADOR SANTANA CABRERA, understands as to Count One of the Indictment that he shall be sentenced to a term of imprisonment of not less than five years, or more than forty years, a fine not to exceed $2,000,000, or both. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least four years in addition to such term of imprisonment.

b. The defendant, SALVADOR SANTANA CABRERA, also understands that as to Count One of the Indictment herein the Court may order that the defendant make restitution in accordance with Title 18, United States Code, Section 3663(c)(1).

c. The defendant, SALVADOR SANTANA CABRERA, understands that the statutory penalty for Count Two of the Indictment provides that he shall be sentenced to imprisonment for not less than five years; that such term of imprisonment cannot run concurrently with any other term of imprisonment; that he cannot be placed on probation or receive a suspended sentence; and that he shall not be eligible for parole. Defendant, SALVADOR SANTANA CABRERA, further understands that the maximum fine for Count Two of the Indictment is $250,000. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

d. The defendant, SALVADOR SANTANA CABRERA, also understands that as to Count Two of the Indictment the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more

than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

        e. The defendant, SALVADOR SANTANA CABRERA, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

        3. By voluntarily pleading guilty to Counts One and Two of the Indictment herein, the defendant, SALVADOR SANTANA CABRERA, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

3

4. The defendant, SALVADOR SANTANA CABRERA, is going to plead guilty to Counts One and Two of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. The defendant, SALVADOR SANTANA CABRERA, agrees that the substance involved in the offense alleged in Count One of the Indictment is 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride.

    b. It is further understood that if the Court determines at the time of sentencing that the defendant, SALVADOR SANTANA CABRERA, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

6. It is further understood that the United States and the defendant, SALVADOR SANTANA CABRERA, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, SALVADOR SANTANA CABRERA, further understands and agrees that pursuant to Title 18, United States

4

Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 29th day of April, 2009.

ANNA MILLS WAGONER
United States Attorney

JAMES M. GREEN, JR.
Attorney for Defendant

SANDRA J. HAIRSTON
NCSB #14118
Assistant United States Attorney

P. O. Box 1858
Greensboro, NC 27402
336/333-5351

SALVADOR SANTANA CABRERA
Defendant

5